Curia, per
Wardlaw, J.
Mr. Crawford, to whom the letter mentioned in the first ground of appeal was addressed, was not himself examined ; but that he searched for it, was proved by another witness. This was no more than hearsay evidence that he could not find it, depending at most upon his declarations by word or act. Although no such thing would be imputed to Mr. Crawford, another person in like case might make much show of search, and declare that he could not find the paper, whilst, at the same time, he knew where it was hid, and success without risk would be given to his falsehood, if his oath should be dispensed with.
Starkie, in his Treatise on Evidence, 1 vol. 352, says: “In general, the loss of a paper must be proved by the person in whose hands it was at the time of the loss, or in whose custody it has been traced.” In Rex vs. Castleton, 6 Term, 236, the court thought it too clear for argument, that the loss of an indenture was not established by proof that it had been delivered to Miss Taylor, and that when applied to, she said that she could not find it, and did not know where it was, she herself being disinterested, and not appearing to give account of the loss.
In Parkins vs. Cobbett, 1 Car. & Pay. 282, to shew the loss of a letter, the defendant’s son proved that as soon as the defendant received it, he gave it to his daughter to take care of, as was his practice with all his letters, and that *664 the witness and his sister had searched in all the places where the defendant’s letters were kept, and could not find it. Best, C. J. held, that in all cases, the best evidence of the loss that the case admits of, must be given; and that the letter having been traced to the daughter, the secondary evidence could not be admitted without her testimony. In that case the distinction is suggested which must prevail wheresoever the oath of a party to the suit is not itself admitted to establish the loss ; that is, where the possession has been traced to the party who would offer the secondary evidence, he must, of necessity, be allowed to adduce, in making prima facie proof of loss, the testimony of other persons, that search had been made in all proper places; but no suph necessity requires inferior evidence of ineffectual search, where the possession has been traced to a person who may be a competent witness.
The motion for a new trial is, therefore, granted.
Richardson, O’Neall, Evans, Butler and Frost, JJ. concurred.